UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA S. TILLMAN-FELTON | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2603 |
| CARMEN WALKER, ET AL. | * | SECTION "I" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Victoria S. Tillman-Felton's Motion to Compel.  ECF No. 12.  Having considered the record, the submission, and the applicable law, the Motion to Compel is DENIED WITHOUT PREJUDICE for the reasons stated herein.

## I.    FACTUAL BACKGROUND

Plaintiff filed this suit for unpaid wages on November 5, 2024.  ECF No. 1 at 6.  Plaintiff requested entry of default on December 12, 2024, which was denied.  ECF Nos. 7, 8.

On December 20, 2024, Plaintiff filed a "Motion" seeking pay stubs pursuant to Rule 34, which was stricken pursuant to FED. R. CIV. P. 5(d).  ECF No. 10.  On December 23, 2024, Plaintiff filed this Motion to Compel Discovery seeking production of employee handbook, copies of complaints, and security video on certain dates.  ECF No. 12.  Plaintiff's motion does not indicate whether she has held the required Rule 26(f) conference or whether she issued Rule 34 Requests for Production seeking the subject documents from any party.  Likewise, Plaintiff does not indicate that she held the required Rule 37(a)(1) conference before filing this motion.

## II.    APPLICABLE LAW AND ANALYSIS

Discovery in civil cases is governed by the Federal Rules of Civil Procedure, specifically Rules 26 through 37.  Pursuant to Rule 26(d), a party may generally not seek discovery from any source until after the parties have conferred as required by Rule 26(f).  FED. R. CIV. P. 26(d)(1).

1

Further, before seeking court assistance with discovery, Plaintiff must present the discovery directly to the appropriate party or entity, in accordance with Rules 34 of the Federal Rules of Civil Procedure. *Maloney v. State Farm Fire & Cas. Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Apr. 23, 2008) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994)) (stating *pro se* litigants are not exempt from complying with the procedural and substantive rules of law). In addition, before filing a Motion to Compel, Rule 37(a)(1) requires the movant to establish or certify that she conferred or attempted to confer with opposing counsel before seeking the Court's assistance with discovery.

The fact that Plaintiff is proceeding *pro se* does not relieve her of the obligation to comply with the governing rules addressing the proper means of obtaining discovery. Plaintiff has not established that any party has failed to respond to discovery after being served with an appropriate discovery request. Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Compel Discovery (ECF No. 12) is **DENIED WITHOUT PREJUDICE** to the right to re-file same after seeking to obtain the documents from the party in possession of same in accordance with Rule 34.

New Orleans, Louisiana, this __30th__ day of December, 2024.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**

2